Peter J. Aschenbrenner
Aschenbrenner Law Offices, Inc.
P.O. Box 110988
Anchorage, AK  99511-0988
(907) 344-1500
Attorneys for James E. Johnson, Johnson Dealerships, Inc.,
Motors, Inc., and Fairbanks Nissan, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

LARRY COMPTON, Trustee

    Plaintiff,

vs.

JAMES E. JOHNSON, JOHNSON DEALERSHIPS, INC., MOTORS, INC., and FAIRBANKS NISSAN, INC.,

    Defendants.

Case No. 4:05-cv-00015-RRB

## SCHEDULING AND PLANNING CONFERENCE REPORT

1. **Meeting.** In accordance with F.R.Civ.P. 26(f), a meeting was held on October 4, 2006 and was attended by:

Gary Spraker, attorney for Plaintiff Larry Compton.

Peter J. Aschenbrenner, attorney for Defendants James E. Johnson, Johnson Dealerships, Inc., Motors, Inc., and Fairbanks Nissan, Inc.

2. **Pre-Discovery Disclosures.** The information required by F.R.Civ.P. 26(a)(1):

    <u>X</u>    have been exchanged by the parties
    ___    will be exchanged by the parties by _____.

Proposed changes to disclosure requirements.  N/A

Preliminary witness lists

    ___    have been exchanged by the parties
    <u>X</u>    will be exchanged by the parties by <u>December 15, 2006</u>.

3.  **Contested Issues of Fact and Law.**  Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

a)  Wrongful termination claim
b)  Alter-ego claim
c)  ERISA claim
d)  Section 510 retaliation claim

\* The parties are not yet in agreement on what issues will eventually be tried or resolved on motion practice. For example, Plaintiff believes it has a wrongful termination claim; Defendants dispute that. Plaintiff believes it has a Section 510 retaliation claim but has not yet amended the complaint to reflect this claim. Plaintiff also believes it has an alter ego claim against Jim Johnson. Therefore, the parties have set January 31, 2007 as the pleading amendment deadline to clarify the claims and defenses which each party asserts. The parties continue to explore the prospects for settlement. The parties have agreed to exchange written legal analysis regarding claims and defenses in the hopes that it will facilitate settlement discussions. Counsel believes that this exchange is more efficient than motion practice, though motions to amend dismiss, and for summary judgment, are likely if the parties are unable to reach a settlement.

4.  **Discovery Plan.**  The parties jointly propose to the court the following discovery plan.

A.  Discovery will be needed on the following issues: <u>All issues referred to in ¶3, above.</u>

B.  All discovery commenced in time to be completed by <u>75 days prior to trial</u> ("discovery close date").

C.  Limitations on Discovery.

1.  Interrogatories

    <u>X</u>   No change from F.R.Civ.P. 33(a)
    ___    Maximum of ___ by each party to any other party.
           Responses due in ___ days

2.  Requests for Admissions.

    <u>X</u>   No change from F.R.Civ.P. 36(a)
    ___    Maximum of ___ days.

3.  Depositions.

Scheduling and Planning Conference Report
*Compton v. Johnson, et al.*
Case No. F05-0015 CV (RRB)
Page 2

    __X__ No change from F.R.Civ.P. 36(a), (d).
    _____ Maximum of ____ depositions by each party.
       Depositions not to exceed ____ hours unless agreed to by all parties.

D. Reports from retained experts.

  __X__ Not later than 90 days before the close of discovery subject to F.R.Civ.P 26(a)(2)(C).

  _____ Reports due:

E. Supplementation of disclosures and discovery responses are to be made:

  __X__ Periodically at 60-day intervals from the entry of scheduling and planning order.
  _____ As new information is acquired, but not later than 60 days before the close of discovery.

F. A final witness list, disclosure all lay and expert witnesses whom a party may wish to call at trial, will be due

  __X__ 45 days prior to the close of discovery.
  _____ Not later than _____.

5. **Pretrial Motions.**

  _____ No change from D.Ak. LR 16.1(c).
     The following changes to D.Ak. LR 16.1(c). [Check and complete all that apply]
  __X__ Motions to amend pleadings or add parties to be filed not later than <u>January 31, 2007</u>.
  _____ Motions under the discovery rules must be filed not later than _____.
  _____ Motions in limine and dispositive motions must be filed not later than _____.

6. **Other Provisions.**

A. _____ The parties do not request a conference with the court before the entry of the scheduling order.
  __X__ The parties request a scheduling conference with the court on the following issue(s):

    \* Scheduling of pre-trial deadlines in light of the parties' efforts to exchange legal analysis and scheduling of a follow-up settlement conference before Judge Holland before the end of the year. The parties request that the scheduling deadlines be based from the beginning of 2007 to allow the parties to exchange their legal analysis and continue settlement discussions.

    B.    Alternative Dispute Resolution.  [D.Ak.LR 16.2]

        \_\_\_\_\_ This matter is not considered a candidate for court-annexed alternative dispute resolution.

        __X__ The parties will file a request for alternative dispute resolution not later than _see below_.

        _____ Mediation    _____ Early Neutral Evaluation

    \* A settlement conference was held before the Honorable H. Russel Holland on August 3, 2006; no settlement was reached. However, counsel for the parties, in their October 4, 2006 meeting, have agreed that after the exchange of further information and correspondence, another settlement conference before Judge Holland will likely be requested before the end of the year.

    C.    The parties \_\_\_\_\_ do  _X_  not consent to trial before a magistrate judge.

    D.    Compliance with the Disclosure Requirements of F.R.Civ.P. 7.1

        _X_ All parties have complied    \_\_\_\_ Compliance not required by any party.

7.    **Trial.**

    A.    The matter will be ready for trial:

        _X_  45 days after the discovery

        \_\_\_\_ not later than _____.

    B.    This matter is expected to take _3_ days to try.

    C.    Jury Demanded _X_ Yes  \_\_\_\_ No

        Right to jury trial disputed? _X_ Yes  \_\_\_\_ No

        \* The Defendants add (in explanation of their position as checked above) that, if there are only ERISA claims at issue, there is no right to a trial by jury since they are equitable/restitutionary in nature.

DATED at Anchorage, Alaska this 5th day of October, 2006.

CHRISTIANSON & SPRAKER
Attorneys for Plaintiff

By: _____
Gary A. Spraker
Bar No. 9107066

DATED at Anchorage, Alaska this ____ day of October, 2006.

ASCHENBRENNER LAW OFFICES, INC.
Attorneys for Defendants

By:_____
Peter J. Aschenbrenner
Bar No. 721003

Scheduling and Planning Conference Report
*Compton v. Johnson, et al.*
Case No. F05-0015 CV (RRB)
Page 5

DATED at Anchorage, Alaska this _____ day of October, 2006.

      CHRISTIANSON & SPRAKER
      Attorneys for Plaintiff


    By:_____
      Gary A. Spraker
      Bar No. 9107066


DATED at Anchorage, Alaska this 5th day of October, 2006.

      ASCHENBRENNER LAW OFFICES, INC.
      Attorneys for Defendants

    By: /s/ Peter J. Aschenbrenner
      Peter J. Aschenbrenner
      Bar No. 7210037