Peter J. Aschenbrenner
Aschenbrenner Law Offices, Inc.
Physical Address: 823 Third Avenue, Fairbanks, Alaska 99701
Mailing Address: P.O. Box 73998, Fairbanks, Alaska 99707
Telephone: (907) 456-3910 • Fax: (907) 456-8064
Attorney for Defendants

UNITED STATES DISTRICT COURT
IN THE DISTRICT OF ALASKA

| | |
|---|---|
| LARRY COMPTON,<br><br>            Plaintiff,<br><br>vs.<br><br>JAMES E. JOHNSON, et al,<br><br>            Defendants. | Case No. **4:05-cv-00015-RRB** |

### AFFIDAVIT OF PETER J. ASCHENBRENNER

STATE OF ALASKA            )
                           )ss.
FOURTH JUDICIAL DISTRICT   )

I, Peter J. Aschenbrenner, being first duly sworn this 30 day of January, 2007, upon oath, depose and state:

1. I am the counsel for Defendants, James E. Johnson, Johnson Dealerships, Inc., Motors, Inc., and Fairbanks Nissan, Inc.

2. I have personal knowledge of the facts contained in this affidavit.

3. The Alaska Rules of Professional Conduct Rule 1.16 detail grounds for termination of the lawyer-client relationship, which are generally set forth in subsection (b)(1) through (6).

4. These include the grounds which I have for terminating the relationship and moving to withdraw.

*Compton v. Johnson et al*
Case No. 4:05-cv-00015-RRB
Affidavit of Peter J. Aschenbrenner in Support of Motion to Withdraw
Page 1

5. Mr. Johnson has not consulted with me on a substantive basis regarding the progress of the case since August 3, 2006, the date of the parties' settlement conference before Judge Holland.

6. Since that time, Mr. Greg Ozckus has made himself familiar with a specific aspect of the issues in the case and has communicated directly with Mr. Spraker, at least by letter on December 15, 2006; prior to that time, I gave Mr. Spraker permission to speak directly to Mr. Johnson's daughter, Darcy Steger.

7. It was my hope that the matter would be resolved before further formal settlement negotiations were undertaken; however, this has not happened. I apologize to the court for not taking this step (moving to withdraw) earlier, although I do not know exactly how the matter would have played out differently.

8. Any adverse impact on the client would be as minimal as possible under the circumstances. I recognize that the corporate entities would need to have counsel for representation in federal court; I have advised Mr. Johnson of this fact.

9. As the rule requires a hearing, counsel is hereby requesting a hearing be set in this matter.

DATED at Fairbanks, Alaska on the day and year first hereinabove written.

_____
Peter J. Aschenbrenner

SUBSCRIBED and SWORN TO before me this 30 day of January, 2007.

_____
Notary Public in and for Alaska
My Commission Expires: Jun 1/2010

*Compton v. Johnson, et al*
Case No. 4:05-cv-00015-RRB
Affidavit of Peter J. Aschenbrenner in Support of Motion to Withdraw
Page 2